UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
KINDELL BUNCHE,                                    )
                                                   )        **COMPLAINT**
                             Plaintiff,            )
                                                   )        **JURY TRIAL DEMANDED**
    -against-                                      )
                                                   )        **ECF CASE**
THE CITY OF NEW YORK; POLICE                       )
DETECTIVE MICHAEL RIVERA, Shield Number )          **10 Civ. 5731 (SHS)(HP)**
5055; POLICE DETECTIVE JAMES MALPESO;  )
POLICE OFFICER FNU "FIRST NAME                     )
UNKNOWN" CHILDS; JOHN DOES;                        )
RICHARD ROES,                                      )
                                                   )
                             Defendants.           )
-------------------------------------------------------------X

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiff KINDELL BUNCHE seeks

relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42

U.S.C. Section 1983, by the United States Constitution, including its Fourth and Fourteenth

Amendments, and by the laws and Constitution of the State of New York.  Plaintiff seeks

damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and

attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including

its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983.  Jurisdiction is

conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this

being an action seeking redress for the violation of the plaintiff's constitutional and civil rights.

3.      The plaintiff further invokes this court's supplemental jurisdiction, pursuant to 28

1

U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## VENUE

5.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6.      Plaintiff filed a Notice of Claim concerning his claim for malicious prosecution with the Comptroller of the City of New York on June 29, 2009, within 90 days of the dismissal of the criminal charges that had been falsely instituted against him.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7.      Plaintiff KINDELL BUNCHE is a citizen and resident of the United States, and at all times relevant herein was a resident of the State of New York, County of Richmond.

8.      Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  It is authorized by law to maintain a police department, which acts as its agents in the area of law enforcement to members of the public, and for which it is ultimately responsible.  Defendant

THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police Department.

9.      Defendants RIVERA, MALPESO, CHILDS and JOHN DOES, are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, a municipal agency of defendant THE CITY OF NEW YORK.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.  Defendants RIVERA, MALPESO, CHILDS and JOHN DOES are sued individually.

10.      Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of police officers under their command.  Said individual defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the

3

performance of their lawful functions in the course of their duties.  Defendants RICHARD

ROES are sued individually.

## STATEMENT OF FACTS

11.     On September 6, 2008, approximately 10:00 p.m., Plaintiff KINDELL BUNCHE

was riding in a taxi at or around Clifton Avenue and Fletcher Street in Staten Island, NY.

12.     Approximately half a dozen JOHN DOE police officers, including, on

information and belief, defendants RIVERA, MALPESO, and CHILDS, stopped the taxi with

guns drawn.

13.     The officers dragged Plaintiff out of the taxi, without cause or justification.

14.     The officers cut Plaintiff's belt and the back of his pants with a knife or scissors

or other sharp implement, pulled his pants down, and subjected Plaintiff to a body cavity search

in the middle of the street, without cause or justification.

15.     The officers beat the Plaintiff, without cause or justification.

16.     The officers were demanding that Plaintiff give them drugs.

17.     The Plaintiff had no idea what they were talking about.

18.     The officers arrested the Plaintiff and put him in a police van.

19.     After driving him around in the van for an inordinately long time, the officers

took Plaintiff to the NYPD 120th Precinct.

20.     The officers took Plaintiff to a bathroom and told Plaintiff to remove his clothes.

21.      The Plaintiff refused to take off his clothes.

22.     The officers violently brought Plaintiff to the floor, pulled down his pants, pried

open his buttocks and searched between his buttocks, touching his anus.

23.     The officers then put Plaintiff into a holding cell.

24.     After initially refusing Plaintiffs' requests for medical care, the officers brought Plaintiff to the emergency room for medical treatment.

25.     The officers subjected Plaintiff to overly tight handcuffing, in a sadistic and punitive fashion.

26.     Plaintiff was finally arraigned on September 8, 2008, on false charges of drug possession with intent to sell in the 3rd degree, 4th degree, and 5th degree, Obstruction of Governmental Administration, Resisting Arrest, Disorderly Conduct, and Harrassment in the 2nd Degree.

27.     Defendant RIVERA was the complainant on the Criminal Court Complaint, which falsely states that at the 120th Precinct, while struggling with Plaintiff after he was uncuffed, "during deponent's struggle to handcuff defendant, a large twist bag containing fifteen ziplock bags of powder cocaine and twenty ziplock bags of crack cocaine did fall from defendant's pants ...."

28.     These allegations are outright lies.  Plaintiff was not in possession of any drugs.

29.     Bail was set at arraignment in the amount of $5,000.00, which Plaintiff was unable to meet.

30.     Plaintiff was then held at Rikers Island from September 8, 2008 until September 23, 2008 when he was released on his own recognizance.

31.     After approximately three or four court appearances, all charges against Plaintiff were dismissed in their entirety on April 30, 2009.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

32.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

33.     By their conduct and actions in falsely arresting, unlawfully strip searching, maliciously prosecuting, abusing process against, assaulting and battering, violating the rights to equal protection of law of, violating the rights to substantive and procedural due process of, inflicting emotional distress upon, failing to intercede on behalf of, and fabricating and attempting to fabricate false evidence / a false account surrounding the September 6, 2008 incident regarding, Plaintiff, defendants RIVERA, MALPESO, CHILDS and JOHN DOES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth and Fourteenth amendments.

34.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM

## SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

35.     The plaintiff incorporates by reference the allegations set forth in all preceding

paragraphs as if fully set forth herein.

36.     By failing to remedy the wrongs committed by their subordinates, and in failing to properly train, screen, supervise, or discipline their subordinates, supervisory officers RICHARD ROES caused damage and injury in violation of plaintiff's rights guaranteed under 42 U.S.C. §1983, and the United States Constitution, including its Fourth and Fourteenth amendments.

37.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM

### LIABILITY OF THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

38.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

39.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

40.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees, police officers, and emergency medical technicians, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or

7

discipline said defendants.  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

41.     At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the cover-up of other law enforcement officers' misconduct, through the fabrication of false accounts and evidence and/or through "the blue wall of silence."  These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

42.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FOURTH CLAIM

## RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS

43.     The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

44.     The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers / supervisors, and/or while they were acting as agents and employees of defendant THE CITY OF NEW YORK, and, as a result, defendant THE CITY OF NEW YORK is liable to plaintiff pursuant to the state common law doctrine of respondeat superior.

45.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced

injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## FIFTH CLAIM

### MALICIOUS PROSECUTION

46.    The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

47.    By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

48.    As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## SIXTH CLAIM

### CONSTITUTIONAL TORT

49.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

50.    Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 11 and 12 of the New York State Constitution.

51.    A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiff's rights under those sections.

9

52.     As a result of the foregoing, plaintiff was deprived of his liberty, experienced injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.


WHEREFORE, the plaintiff demands the following relief jointly and severally against all of the defendants:

        a.  Compensatory damages;

        b.  Punitive damages;

        c.  The convening and empanelling of a jury to consider the merits of the claims herein;

        d.  Costs and interest and attorney's fees;

        e.  Such other and further relief as this court may deem appropriate and equitable.

Dated:     New York, New York
            July 29, 2010

                                   _____/S/_____
                                   JEFFREY A. ROTHMAN, Esq.
                                   315 Broadway, Suite 200
                                   New York, New York 10007
                                   (212) 227-2980
                                   Attorney for Plaintiff